IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nayda Ramos, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 1918 |
| Portfolio Investment Exchange, Inc., a Delaware corporation, and Credit Control, LLC, a Missouri limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Nayda Ramos, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Nayda Ramos ("Ramos"), is a citizen of the State of Massachusetts, from whom Defendant attempted to collect a delinquent consumer debt, that she allegedly owed for a Wal-Mart account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Portfolio Investment Exchange, Inc. ("PIE"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. PIE operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PIE was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Credit Control operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Credit Control was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiffs.

6. Defendant PIE is a bad debt buyer, which buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants are authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>, records from the Illinois

Secretary of State, attached as Group Exhibit A. In fact, Defendants each conduct extensive and substantial business in Illinois.

8. Defendants PIE and Credit Control are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Department of Professional Regulation, attached as Group Exhibit B. In fact, Defendants PIE and Credit Control both act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Ramos is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Wal-Mart account. At some point in time after that debt became delinquent, another debt buyer, PCA Acquisitions V, d/b/a Portfolio Asset Group ("PCA"), bought Ms. Ramos' Wal-Mart debt. When PCA began trying to collect the Wal-Mart debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Specifically, PCA had its sister company, Phillips & Cohen Associates, Ltd., demand payment of the Wal-Mart debt from Ms. Ramos, which did so by sending her a collection letter, dated November 24, 2009. A copy of this letter is attached at Exhibit C.

11. Accordingly, on December 29, 2009, one of Ms. Ramos' attorneys at LASPD informed PCA that Ms. Ramos was represented by counsel, and directed PCA to cease contacting her, and to cease all further collection activities because Ms. Ramos was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached at Exhibit D.

12. PCA then sold/transferred the account to Defendant PIE, which then had Defendant Credit Control send Ms. Ramos a collection letter, dated January 22, 2013, demanding payment of the debt the Wal-Mart debt. A copy of this collection letter is attached at Exhibit E.

13. Accordingly, on February 8, 2013, Ms. Ramos' LASPD attorney had to send Defendants PIE and Credit Control a letter, which again directed that communications and collections had to cease. Copies of this letter and fax confirmation are attached at Exhibit F.

14. Defendants PIE and Credit Control knew, or should have known, that the account they bought and were trying to collect upon was subject to a request to cease collections and cease communications, and was subject to a notice of attorney representation. In fact, Defendants PIE and Credit Control were subject to several prior lawsuits that challenged nearly identical illegal conduct.

15. Moreover, Defendants knew, or should have known, that there were problems with the debt at issue, due to the many notices they received from LASPD, and other consumers' attorneys, that similar debts that they had bought and were trying to collect upon were subject to cease collections and cease communications demands and notices of attorney representation.

16. Furthermore, Defendants knew, or should have known, that there were problems with the debt at issue due to the age of the portfolio of the debts that included Ms. Ramos' alleged Wal-Mart debt. Any reasonable review of the records on these accounts would have shown that the accounts should not have been collected upon in the manner at issue in this matter.

4

17. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

21. Here, the letter from Plaintiff's agent/attorney, LASPD, told Defendants' predecessor in interest to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

22. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

23. Plaintiff adopts and realleges ¶¶ 1-18.

24. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

5

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

25. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants' predecessor in interest, in writing, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff (Exhibit D). By directly sending a collection letter to Plaintiff (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

26. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Nayda Ramos, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of all Plaintiff Ramos, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Nayda Ramos, demands trial by jury.

        Nayda Ramos,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: March 12, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com